United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSEPH DAVIS, JR.,**<br>    **Petitioner,**<br>**vs.**<br>**ANTHONY HEDGPETH,** *et al.***,**<br>    **Respondents.** | **Case No.: 11-cv-6480 YGR**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the Petition for Writ of Habeas Corpus filed in this case on the basis that the petition was filed beyond the one-year statute of limitations in 28 U.S.C. § 2244 (d).

Having carefully considered the papers submitted, including the declarations of Petitioner, his counsel, and his family members, and the pleadings in this action, and for the reasons set forth below, the Court hereby finds that no evidentiary hearing is warranted and **GRANTS** the Motion to Dismiss.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **November 5, 2013**. No evidentiary hearing is warranted because the allegations offered in Petitioner's opposition, even if true, would not be sufficient to show that Petitioner is entitled to equitable tolling. *See Roy*, 465 F.3d at 969 (quoting *Laws v. LaMarque*, 351 F.3d 919, 919 (9th Cir. 2003) ("A habeas petitioner [] should receive an evidentiary hearing when he makes 'a good faith allegation that would, if true, entitle him to equitable tolling.'")).

**I.   BACKGROUND**

Petitioner was convicted in the Superior Court for the State of California, County of Alameda, of sexual penetration of a child, sodomy of a child and two counts of aggravated sexual assault on a child. Counsel for Petitioner, Mark McBride, represented him on appeal. The California Court of Appeal affirmed the conviction on November 30, 2009. (Dkt. No. 5, Exh. A, *People v. Joseph Davis, Jr.,* A121520, filed November 20, 2009). Petitioner did not file a petition for review. On March 4, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on September 22, 2010. (*Id.*, Exh. B.)

Petitioner, through Counsel McBride, filed his petition for writ of habeas corpus in this Court on December 20, 2011, or more than a year after the decision of the Court of Appeal became final.

**II.   APPLICABLE STANDARD**

The Antiterrrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In cases in which the defendant has not filed a petition for review, the limitations period begins when the decision of the Court of Appeal is final, or 40 days from the date on which the opinion issues. Cal. Rules of Court, rule 8.264(b)(1), 8.366(b)(1), 8.500(e)(1); *see Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002) (calculating finality by adding forty days from the date on which the opinion of the California Court of Appeal was filed). A petitioner is entitled to tolling during the pendency of a properly filed petition for state collateral relief. 28 U.S.C. § 2244(d)(2).

As the United States Supreme Court has recognized, AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 50 U.S. 631, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565 (finding district court erroneously relied on lack of diligence, and remanding for

detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted).

In noncapital cases, an attorney's miscalculation of the limitations period and negligence, in general, do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (in case where prisoner has no constitutional right to counsel, attorney miscalculation of limitations period not sufficient); *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (attorney's failure to recognize that the delays of 91 and 81 days would render the state petitions untimely was not the result of an "external force" but the result of prisoner's own actions); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (distinguishing capital cases in which the petitioner has the right to a habeas petition filed by counsel); *see also Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (state-appointed appellate counsel's negligence in failing to perfect direct appeal did not warrant equitable tolling because it did not cause delay in filing of federal petition). But where the attorney's misconduct is sufficiently serious, as opposed to merely negligent, equitable tolling may be appropriate. *See Holland*, 130 S. Ct. at 2564-65 (finding that while earlier cases have precluded the application of equitable tolling to "garden variety claim[s] of excusable neglect[,]" serious attorney misconduct may constitute extraordinary circumstances, even if it does not include proof of bad faith, dishonesty, divide loyalty, mental impairment and the like) (citations omitted); *Doe v. Busby*, 661 F.3d 1011, 1013-1015(9th Cir. 2011) (finding extraordinary circumstances where attorney failed to file a timely petition despite numerous promises to the contrary; petitioner's three-and-a-half year delay in eventually filing a pro se petition attributable to having been deceived, bullied and lulled by apparently inept and unethical lawyer); *Porter v. Ollison*, 620 F.3d 952, 959-61 (9th Cir. 2010)

(attorney's misconduct and eventual resignation after facing disciplinary proceedings for running habeas corpus "writ mill" constitutes extraordinary circumstances; remanding on issue of whether petitioner is or is not entitled to equitable tolling because of lack of diligence or because attorney's egregious conduct did not prevent petitioner from filing timely petition); *Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due; remanding on issue of whether petitioner exercised reasonable diligence).

## III. ANALYSIS

Petitioner admits that he filed the Petition more one year, or 365 days, after the opinion of the California Court of Appeal in this case became final and, absent equitable tolling, his Petition was filed untimely. Since the California Court of Appeal in this case issued its decision on November 30, 2009, and petitioner did not seek review, the state conviction became final 40 days after the decision of the Court of Appeal, or January 9, 2010. The limitations period began on that date and, absent tolling, would have expired on January 9, 2011. *See Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001). Here, petitioner filed a habeas corpus petition in the California Supreme Court on March 4, 2010, or 54 days into the limitations period. That petition was denied on September 22, 2010, and was final upon filing. Cal. Rules of Court, rule 8.532; *see Phelps v. Alameida*, 569 F.3d 1120, 1125 (9th Cir. 2009.) Petitioner had 311 (*i.e.*, 365-54 = 311days) remaining in the limitations period, or until July 30, 2011, to file his federal petition in this Court. The petition was not filed until December 20, 2011, nearly five months after the limitations period had expired, after taking into account tolling during the period the state petition for habeas corpus was pending.

Nevertheless, Petitioner argues that the Petition should not to be dismissed due to equitable tolling of the five months between the finality of his state habeas petition and the filing of the instant § 2254 motion because he was diligent in urging his attorney to file the petition but his

attorney failed to do so. Petitioner puts forth evidence[2] that Petitioner had virtually no contact with McBride during the period between January 2010 and January 2011, despite attempting to call him numerous times. (Declaration of Joseph Davis, Dkt. No. 8-2, ¶¶ 3, 6.) McBride asked Davis to sign and date the last page of the state habeas petition via a letter. That letter and a phone call is all Davis heard from McBride during that time period. (*Id.* at ¶ 4, 6.) In the very limited communication they did have, McBride led Davis to believe that the time for filing the habeas petition in federal court was one year and 90 days from the time of the denial of his state habeas petition, and that everything was being filed timely. (*Id*. at ¶¶ 4, 6.) McBride also avers that, between June 2010 and May 2011 he was deeply involved in trial preparation and trial of a murder case on which he worked "literally every day." (Declaration of Mark McBride, Dkt. 8-1, at ¶ 12.) McBride did not respond calls from Davis or Davis' family. (*Id.* at 5-8.)

Even crediting counsel's explanation that he was busy with one murder trial every day for 11 months, the trial ended in May 2011. Petitioner had until July 30, 2011 to file his Petition timely. The evidence offered does not offer any reason why counsel did not file the Petition timely, save that he did not understand the deadline. Indeed, his declaration makes clear that he did not understand the deadline from the start, rendering irrelevant the rest of his statements regarding his involvement in the murder trial and failure to stay in contact with his client and client's family.

Petitioner's reliance on *Holland* is unavailing. *Holland,* 130 S.Ct. 2549. In *Holland*, Petitioner had tried unsuccessfully to urge his appointed counsel, who was ignorant of the true statutes of limitations, to file a timely petition under § 2254. *Id.* at 2560. Holland sent multiple letters urging his attorney to file his federal habeas petition timely. Holland also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have his appointed attorney removed from his case. *Id.* at 2565. Despite all these efforts, the attorney missed the habeas filing deadline. Holland then learned that the Florida Supreme Court had already

---

[2] The declaration of Petitioner submitted with the opposition to the motion is not actually signed by Petitioner, but instead "verified" by Counsel McBride with a statement that it is made by McBride on Davis' behalf since he was unable to contact Davis to confirm that the contents were correct. (Dkt. No. 8-2 at 4.) The Court has considered this evidence despite its questionable admissibility.

decided his case and, through his own research in the prison law library, that he had missed the federal filing deadline. On the same day he discovered the deadline had been missed, he prepared a *pro se* federal habeas petition himself and then filed it with the District Court. 130 S.Ct. at 2557, 2565. Reviewing these facts, the Supreme Court found that petitioner's attorney's conduct went far beyond excusable neglect. *Id.* at 2564. However, even on that record, the Supreme Court declined to state its "conclusion in absolute form." *Id.* at 2565. Instead, the Court held that the district and appeals courts had employed an incorrect standard, and reversed and remanded for a further determination as to whether Holland was entitled to equitable tolling. *Id.* at 2565.

Here, Petitioner has not established any "extraordinary circumstance" that prevented the timely filing of his petition despite his diligent efforts. His counsel led him to believe that all was well and that he intended to file the petition timely. His communications, though minimal, with Petitioner and his family, were that he was proceeding timely. Counsel simply misunderstood the deadline. Thus, at most, Petitioner has shown garden variety negligence by his counsel due to counsel's failure to calculate the filing date correctly, and false assurances that things had been filed timely. This is insufficient to warrant equitable tolling. *Holland,* 130 S.Ct. at 2564; *cf. Maples*, 132 S.Ct. at 922-924 (petitioner's counsel left firm and took up other employment that precluded their further representation of him without formally withdrawing or providing him notice, establishing abandonment and "extraordinary circumstances"); *Lawrence,* 549 U.S. at 336–37 (mere miscalculation insufficient to establish equitable tolling grounds).

**IV.   CONCLUSION**

Accordingly, the Motion to Dismiss is **GRANTED**.

This terminates Docket No. 5. The Petition is **DISMISSED**. The Clerk is directed to close the file in this matter.

**IT IS SO ORDERED**.

Dated: November 1, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**