United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSEPH DAVIS, JR.,**<br><br>     Petitioner,<br><br>vs.<br><br>**ANTHONY HEDGPETH,** *et al.***,**<br><br>     Respondents. | **Case No.: 11-cv-6480 YGR**<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Joseph Davis, Jr., a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 20, 2011. On November 1, 2013, the Court dismissed the petition as untimely and closed the file. Davis has filed a notice of appeal, along with a request for a certificate of appealability (COA) on the issue of equitable tolling. (Dkt. Nos. 12 and 13.) For the reasons that follow, the request for a COA is **DENIED**.

**I.     APPLICABLE STANDARD**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). A court shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As each of

these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack,* 529 U.S. at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *Id.*

## II.  ANALYSIS

Here, the Court dismissed Davis's habeas petition on the grounds that the statute of limitations was not subject to equitable tolling for "extraordinary circumstances" because, under Supreme Court and Ninth Circuit precedent, attorney negligence and miscalculation of limitations deadlines does not constitute extraordinary circumstances.

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 50 U.S. 631, 130 S. Ct. 2549, 2560 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418).  The case law is clear that, in noncapital cases, an attorney's miscalculation of the limitations period and negligence do not constitute extraordinary circumstances sufficient to warrant equitable tolling.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (petitioner failed to show that his untimeliness was caused by some "external force" rather than mere oversight or miscalculation by attorney); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney negligence and miscalculation of limitations period did not constitute extraordinary circumstances); *Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (to the extent that counsel's miscalculation of the federal filing deadline caused petitioner's untimely filing, it did not constitute an "extraordinary circumstance"); *cf. Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir. 2003) (noting that equitable tolling has not been applied in non-capital cases where attorney negligence caused the filing of a petition to be untimely).  Equitable tolling requires more than a showing of "garden variety claim" attorney negligence.  *See Holland*, 130 S. Ct. at 2564-65.

Davis's counsel argues that the facts here are similar to *Doe v. Busby,* 661 F.3d 1011 (9th Cir. 2011), in which the Ninth Circuit held that equitable tolling was warranted.  In *Busby*, counsel not only failed to file a petition timely, he failed to file one at all, despite "numerous letters and scores of phone calls" about the case from petitioner, numerous promises to file, and acceptance of $20,000 advance for the filing.  *Id.* at 1012, 1013.  The attorney also refused to return case files to the petitioner for six months after petitioner requested them.  *Id.*  In sum, the court in *Busby* found that the petitioner had been "deceived, bullied and lulled by an apparently inept and unethical lawyer."  *Id.* at 1013.  Here, by contrast, Davis's counsel simply misunderstood the filing deadline and assured his client based on that misunderstanding.  Counsel filed the petition late due to that misunderstanding of the deadline, as well as his own busy schedule.  The extreme circumstances in *Busby* bear no relation to the facts here.

As the Court stated in its order dismissing the petition, counsel's mistake as to the filing deadline, and reassurances to petitioner and his family that the petition would be filed timely, do not establish more than simple attorney negligence.  Having failed to offer evidence of an "extraordinary circumstance," no basis for equitable tolling is presented under the controlling authorities set forth above.

### III. CONCLUSION

The Court finds that Davis has not shown that reasonable jurists would debate this Court's denial of equitable tolling under the facts offered here.  Accordingly, the request for COA is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 14, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**